IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MAUREEN BIGPOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-06-1140-D |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Plaintiff brought this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying the plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U. S. C. §§416(i) and 423.   The matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On July 18, 2007 the Magistrate Judged filed a Report and Recommendation [Doc. No. 18] in which he recommended that the Commissioner's decision be affirmed.  Because the plaintiff timely objected to that recommendation, the matter is reviewed *de novo.*

This Court's review of the Commissioner's decision is limited, as the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. Washington v. Shalala, 37 F.3d 1437, 1439-40 (10th Cir. 1994); Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion. Castellano,

26 F.3d at 1028. Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). The decision of the Administrative Law Judge in a Social Security disability hearing must be supported by substantial evidence; in addition to discussing the evidence supporting his decision, the Administrative Law Judge must also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects. Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999); Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996).

In this case, the Magistrate Judge found that the Commissioner correctly applied the applicable regulations to the evidence in the record in concluding that the plaintiff was not eligible for disability benefits pursuant to Title II of the Social Security Act ("Title II"). The Magistrate Judge also found that the decision is supported by substantial evidence. As explained in detail in the Report and Recommendation, the Administrative Law Judge fully considered the evidence and concluded that, although the plaintiff had physical impairments during the relevant time period, those impairments did not render her qualified to receive Title II disability benefits. More specifically, the Magistrate Judge found that the Commissioner correctly concluded that the plaintiff retains the residual functional capacity to perform some of her previous jobs.

The background regarding the plaintiff's prior and current applications for disability benefits is important to the Court's consideration of the legal arguments she now asserts in objecting to the Report and Recommendation. She filed an application for Title II disability insurance benefits on April 7, 2000, alleging that she became disabled on June 1, 1996 (Tr. at 74-76). That application was denied, and Plaintiff did not seek further review. However, Plaintiff then filed for disability benefits under Title XVI, and she was found disabled as of April 1, 2003; she was awarded Title

XVI disability benefits commencing on that date, and has been receiving such benefits since that time.

Subsequently, however, the plaintiff filed a new application for Title II disability benefits, seeking a determination that she was also disabled as of June 1, 1997 and that such disability rendered her unable to maintain gainful employment. The Commissioner's denial of that application is the subject of this action.

As the Magistrate Judge explained in detail, disability benefits awarded under Title XVI are available to qualified claimants without regard to the claimants' "insured status," which is required for Title II benefits. A claimant has "insured status" for Title II purposes only for the time period in which he or she has accrued 20 quarters of Social Security coverage, out of the last 40 quarters. *See* 42 U. S. C. §§416(i)(3), 423(c)(1); *see also* 20 C. F. R. §404.130(b). In this case, the plaintiff's eligibility for Title XVI disability was not dependent on her "insured status," while her eligibility for Title II disability required such status.

According to the record in this case, the plaintiff agrees that she cannot qualify for "insured status" after June 30, 1997. However, she claims that she was disabled as of June 1, 1997, a date on which she was in insured status. As the Magistrate Judge explained, the plaintiff cannot, in connection with her current Title II application, alter the disability period for the Title XVI benefits she currently receives; those benefits are based on the existence of a disability which was previously determined to have commenced on April 1, 2003, without regard to her insured status under Title II. The issue before the Commissioner in her current application is whether she had a qualifying disability for Title II purposes.

As the record establishes, the Administrative Law Judge concluded that, during the time

period for which she was eligible for Title II benefits, the plaintiff had diabetes mellitus, arthritis, and hypertension. However, he further found that the evidence establishes that these impairments did not preclude her performance of work at the light or sedentary exertional levels. The Court has reviewed the record and concludes that the Report and Recommendation, at pages 2 and 3, accurately explains the findings of the Administrative Law Judge supporting those conclusions. As is also explained in the Report and Recommendation, the Administrative Law Judge made the alternative finding, based on the testimony of a vocational expert witness, that there are existing jobs within the national economy which the plaintiff had the residual functional capacity to perform. Accordingly, the Administrative Law Judge concluded that the plaintiff was not disabled for Title II purposes.

The plaintiff's objection to the Report and Recommendation focuses primarily on her contention that the Administrative Law Judge and the Magistrate Judge both erred in failing to apply Social Security Ruling 83-20 ("SSR 83-20") to determine the onset date of her alleged disabilities. The plaintiff contends that the Magistrate Judge should have recommended reversal of the decision on this basis.

The Court disagrees. Contrary to the plaintiff's argument, the Magistrate Judge fully considered the potential application of SSR 83-20 to this case; he determined that it did not apply. *See* Report and Recommendation at pages 8-10. As fully explained in the Report and Recommendation, he concluded that the Administrative Law Judge did not err in failing to obtain a medical expert to determine the onset date of the plaintiff's claimed impairments under SSR 83-20. *Id.* As the Magistrate Judge explained, the plaintiff cannot collect Title XVI benefits for a time period commencing prior to April 1, 2003, the date on which her current Title XVI benefits are

based. When she sought Title XVI disability benefits, she did not file a concurrent application for Title II benefits. If she had sought both Title XVI and Title II benefits at that time and if she had been in "insured status" under Title II on the date she was disabled, then consideration of the onset date of her disability pursuant to SSR 83-20 would have been necessary. However, she was not in insured status at the time she was found disabled under Title XVI; in fact, she had not been in insured status for approximately six years. Therefore, the Administrative Law Judge was not obligated by SSR 83-20 to determine, with respect to her current Title II application, whether there was evidence of an earlier onset date of disability. More specifically, as the Magistrate Judge noted, the Commissioner concluded that, for Title II purposes, the plaintiff was not disabled. The issue presented was whether the evidence showed the existence of a disability rather than the onset date of a disability.

Contrary to the plaintiff's argument in her objection, the decision in Blea v. Barnhart, 466 F.3d 903 (10th Cir. 2006) does not dictate a different result. Unlike the plaintiff in this case, the plaintiff in Blea concurrently filed for Title II and Title XVI benefits, alleging a disability resulting from a gunshot injury. 466 F.3d at 906. His Title XVI application was approved; however, the Commissioner denied Title II benefits because, although the plaintiff was disabled, the onset date of his disability was uncertain because the medical evidence was ambiguous. Thus, the onset date was at issue. The Tenth Circuit concluded that the Administrative Law Judge erred in denying the plaintiff's request that he obtain medical evidence, pursuant to SSR 83-20, to determine the onset date. *Id.* at 911.

In this case, as the Magistrate Judge explained, the Administrative Law Judge did not find that the onset date of the plaintiff's claimed disability was ambiguous; in fact, he concluded that the

plaintiff was not disabled.    The evidence in the record does not support the plaintiff's argument.

Having fully reviewed the record, the Court agrees with the Magistrate Judge's determination that the Commissioner's decision is supported by substantial evidence and that the correct legal standards were applied in reaching that decision.  The Court has  thoroughly considered the plaintiff's objections, and the arguments she asserts do not alter  the Court's conclusion that the Commissioner's decision should be affirmed.

Accordingly, the Report and Recommendation [Doc. No. 18] is adopted.  The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED this 10th day of October, 2007.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE